UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CV-12-BO

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br>　　Plaintiff and Stakeholder in interpleader,<br><br>vs.<br><br>STEPHANIE JANDREAU, individually and as Administratrix of the Estate of Paul Steven Jandreau, CHRISTINA JANDREAU, LATEISHA JANDREAU,<br>　　Defendants and Claimants in interpleader. | **ORDER** |

This matter is before the Court on defendants' joint motion for summary judgment [DE 33] and motions to disburse funds [DE 34, 40]. Plaintiff's time within which to respond expired and no response was filed. Accordingly, the matter is ripe for ruling. For the following reasons, both motions are GRANTED.

## BACKGROUND

On March 14, 2012, Hartford Life and Accident Insurance Company (Hartford) commenced this action to deposit funds stemming from insurance policies on the life of Paul Jandreau, who died of gunshot wounds on June 29, 2010. Hartford named as defendants and potential beneficiaries of the insurance proceeds Latiesha Jandreau, Stephanie Jandreau, and Christina Jandreau individually, and Stephanie Jandreau as Administrator of the Estate of Paul Jandreau (the Estate). Hartford's complaint stated that Mr. Jandreau named Lateisha Jandreau, his spouse, the primary beneficiary of all life insurance and supplemental accidental death and dismemberment (AD&D) benefits payable under his employee benefit plan and Stephanie Jandreau, his daughter, the contingent beneficiary of supplemental AD&D benefits under the plan. The complaint further alleged that Hartford filed this action because it believed that

1

Lateisha Jandreau was suspected of murdering Mr. Jandreau, and if a court determined that she did murder him, she would not be entitled to any benefits pursuant to North Carolina law.

On September 28, 2012, defendant Lateisha Jandreau was convicted in the Superior Court of Currituck County of the first degree murder of Mr. Jandreau. On the same day Lateisha Jandreau appealed her conviction to the North Carolina Court of Appeals. Defendants Stephanie Jandreau, Christina Jandreau, and the Estate then filed the instant motion to disburse funds [DE 33] and motion for summary judgment [DE 34] based on North Carolina's "slayer statute" that prohibits a person convicted of killing from acquiring any property of receiving any benefits as a result of the victim's death. N.C.G.S.A. § 31A–3. In an order dated May 1, 2013, this Court dismissed Hartford and held defendants' motions in abeyance pending the outcome of the appeal.

On May 6, 2014, the North Carolina Court of Appeals affirmed Lateisha Jandreau's conviction of first degree murder. *State v. Jandreau*, 759 S.E.2d 710 (N.C. Ct. App. 2014). The North Carolina Supreme Court denied her petition for discretionary review on March 5, 2015. *State v. Jandreau*, 768 S.E.2d 566 (N.C. 2015). The remaining defendants then filed the instant motions requesting disbursement of the funds and summary judgment.

DISCUSSION

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299. When addressing cross-motions for summary judgment, the court must ask "whether the evidence

2

presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251.

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex.* 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

The rights of the parties to the insurance proceeds at issue in this interpleader action are controlled by North Carolina's "slayer statute," which prohibits a person convicted of killing from acquiring any property or receiving any benefits as a result of the victim's death. N.C. Gen. Stat. § 31A–3. A slayer is defined as "a person who, by a court of competent jurisdiction, is convicted as a principle or accessory before the fact of the willful and unlawful killing of another person." § 31A-3(3)(a). Defendant Lateisha Johnson's only challenge to the remaining defendants' motion for summary judgment was that her conviction in the Superior Court of Currituck County was not a final adjudication pending resolution of the appeal. [DE 37]. The Court stayed this action pending outcome of her appeal because there was a lack of precedent on whether the statute's use of the term "conviction" required the exhaustion of appeal rights or merely a conviction by any court of competent jurisdiction. [DE 38].

As the North Carolina Court of Appeals affirmed Ms. Jandreau's conviction and the North Carolina Supreme Court denied review, the Court does not need to resolve the question of

3

what qualifies as a conviction under § 31A–3. Under either interpretation, Ms. Jandreau qualifies as a slayer under North Carolina law and as such, is barred from recovery of any of the interpleaded funds. There is no genuine issue of material fact as to her ability to recover, thus defendants' motion for summary judgment is granted.

Accordingly, the only persons or parties entitled to share in the interpleaded funds are the Estate, Stephanie Jandreau, and Christina Jandreau. These remaining defendants filed a joint motion for disbursement of funds in which they stipulate to and agree on how the funds shall be disbursed. [DE 33, 40]. No requirement exists that the Court approve the specific distribution of the interpleaded funds beyond directing the payment in accordance with the joint request of the parties and assuring adequate notice to any other potential claimants. In that regard, the Court has concluded that Leteisha Jandreau does not have a claim which she can assert for either of the policies, and accordingly, the original and renewed motions for disbursement of funds are granted. To the extent that the remaining defendants' recent motion [DE 40] requests a hearing, the Court finds that no hearing is necessary.

Accordingly, the Clerk of Court is directed to disburse the interpleaded funds as follows:

1) A check payable to Stephanie Jandreau in the amount of $257,000.00, as contingent beneficiary under the supplemental A&D policy together with interest accruing on deposit and less any administrative costs associated with the Court's deposit and retention of said funds;

2) A check payable to Stephanie Jandreau in the amount of $89,995.43, as the surviving child of Paul Jandreau together with interest accruing on deposit and less any administrative costs associated with the Court's deposit and retention of said funds; and

4

3) A check payable to Christine Jandreau in the amount of $89,995.43 as the surviving child of Paul Jandreau together with interest accruing on deposit and less any administrative costs associated with the Court's deposit and retention of said funds.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [DE 33] and motions to disburse funds [DE 34, 40] are GRANTED. The Clerk of Court is DIRECTED to pay out the funds as delineated above and to close the case.

SO ORDERED, this __1__ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE